1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY DIAL,

11              Plaintiff,              No. CIV S-11-430 DAD (TEMP)

12        vs.

13   MICHAEL J. ASTRUE,              <u>ORDER</u>
     Commissioner of Social Security,

14

15              Defendant.
     _____/

16              This social security action was submitted to the court without oral argument for

17   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

18   judgment.  For the reasons explained below, plaintiff's motion is denied, defendant's motion is

19   granted, and the decision of the Commissioner of Social Security (Commissioner) is affirmed.

20                            **PROCEDURAL BACKGROUND**

21              On May 23, 2009, plaintiff filed an application for Supplemental Security Income

22   (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning on June

23   1, 1985.[1]  (Transcript (Tr.) at 13, 131.)  Plaintiff's application was denied initially on September

24   24, 2009, and upon reconsideration on January 27, 2010.  (<u>Id</u>. at 71-75, 70-83.)  A hearing was

25   _____

26        [1]  One may not be paid SSI benefits for any months prior to the month the application was
     filed.  42 U.S.C. § 1382(c)(7); 20 C.F.R. § 416.335.

held before an Administrative Law Judge (ALJ) on June 9, 2010.  (Id. at 30-65.)  Plaintiff was represented by counsel and testified at the administrative hearing.  In a decision issued on July 30, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 13-28.)  The ALJ entered the following findings (citations to C.F.R. omitted):

> 1.  The claimant has not engaged in substantial gainful activity since May 23, 2009, the application date.
>
> 2.  The claimant has the following severe impairments: Borderline Intellectual Functioning ("BIF"); anxiety disorder, history of panic disorder, anti-social personality disorder.
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  the claimant must be limited to low stress jobs and the performance of simple repetitive tasks with limited public contact.
>
> 5.  The claimant has no past relevant work.
>
> 6.  The claimant was born on October 1, 1960 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed.
>
> 7.  The claimant has a limited education and is able to communicate in English.
>
> 8.  Transferability of job skills is not an issue because the claimant does not have past relevant work.
>
> 9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 10.  The claimant has not been under a disability, as defined in the Social Security Act, since May 23, 2009, the date the application was filed.

(Id. at 13-28.)

/////

1    On December 22, 2010, the Appeals Council denied plaintiff's request for review

2 of the ALJ's decision.  (Id. at 3-5.)  Plaintiff sought judicial review pursuant to 42 U.S.C. §

3 405(g) by filing the complaint in this action on February 15, 2011.

**LEGAL STANDARD**

5    The Commissioner's decision that a claimant is not disabled will be upheld if the

6 findings of fact are supported by substantial evidence in the record as a whole and the proper

7 legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973

8 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

9 The findings of the Commissioner as to any fact, if supported by substantial evidence, are

10 conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such

11 relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

12 Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones

13 v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

14 (1971)).

15    A reviewing court must consider the record as a whole, weighing both the

16 evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d

17 at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

18 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

19 substantial evidence supports the administrative findings, or if there is conflicting evidence

20 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,

21 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

22 improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d

23 1335, 1338 (9th Cir. 1988).

24    In determining whether or not a claimant is disabled, the ALJ should apply the

25 five-step sequential evaluation process established under Title 20 of the Code of Federal

26 Regulations, Sections 404.1520 and 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff argues that the ALJ committed the following two principal errors in finding him not to be disabled:  (1) the ALJ rejected the findings of Mr. Kinney, a physician's assistant and (2) the ALJ improperly rejected the opinions of two consultative doctors who examined plaintiff in 2003.  Each of these arguments are addressed below.

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because

1  a treating doctor is employed to cure and has a greater opportunity to know and observe the

2  patient as an individual.  Smolen v. Chater, 80 F.3d at 1273, 1285 (9th Cir. 1996); Bates v.

3  Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

4         A treating physician's uncontradicted opinion may be rejected only for clear and

5  convincing reasons, while a treating physician's opinion that is controverted by another doctor

6  may be rejected only for specific and legitimate reasons supported by substantial evidence in the

7  record.  Lester, 81 F.3d at 830-31.  The ALJ, however, need not give weight to a treating

8  physician's conclusory opinion supported by minimal clinical findings.  Meanel v. Apfel, 172

9  F.3d 1111, 1113-14 (9th Cir. 1999) (affirming rejection of a treating physician's "meager

10 opinion" as conclusory, unsubstantiated by relevant medical documentation, and providing no

11 basis for finding the claimant disabled); see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th

12 Cir. 1989).

13        "The opinion of an examining physician is, in turn, entitled to greater weight than

14 the opinion of a nonexamining physician."  Lester, 81 F.3d at 830.  An examining physician's

15 uncontradicted opinion, like a treating physician's, may be rejected only for clear and convincing

16 reasons, and when an examining physician's opinion is controverted by another doctor's opinion,

17 the examining physician's opinion may be rejected only for specific and legitimate reasons

18 supported by substantial evidence in the record.  Id. at 830-31.  The opinion of a nonexamining

19 physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion

20 of either an examining physician *or* a treating physician."  Id. at 831 (emphasis in original).

21        The ALJ may meet his or her burden of setting forth valid reasons for rejecting a

22 treating or examining physician's medical opinion by "setting out a detailed and thorough

23 summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof,

24 and making findings."  Magallanes, 881 F.2d at 751.  Although an ALJ is required to explain

25 why he or she has rejected uncontroverted medical evidence, the ALJ "can resolve disputes in

26 contradicted medical evidence."  Sanchez v. Sec'y of HHS, 812 F.2d 509, 511 (9th Cir. 1987).  If

a treating professional's opinion is contradicted by an examining professional's opinion that is supported by different, independent clinical findings, the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes, 881 F.2d at 751). The ALJ "is the final arbiter with respect to resolving ambiguities in the medical evidence," Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008), and indeed it is the ALJ's duty to resolve conflicts in such evidence and determine which medical opinions to credit. Sanchez, 812 F.2d at 511.

Plaintiff contends the ALJ improperly rejected the findings of physician's assistant ("PAC") Kinney. In an evaluation form dated December 2, 2009, PAC Kinney opined that plaintiff had a fair ability to understand, remember, and carry out complex instructions and simple instructions, maintain concentration, attention and persistence, perform activities within a schedule and maintain regular attendance, and respond appropriately to changes in a work setting. (Tr. at 333.) With respect to the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, PAC Kinney rated plaintiff's ability as "poor." Four months later, PAC Kinney completed a mental residual functional capacity questionnaire addressing plaintiff's abilities. (Tr. at 360-364.) With respect to most of the itemized categories of mental abilities and aptitudes needed to do unskilled work, PAC Kinney rated plaintiff as "seriously limited, but not precluded." (Tr. at 362). On five categories, PAC Kinney rated plaintiff as both "seriously limited, but not precluded" and "unable to meet competitive standards." (Id.) PAC Kinney also indicated that plaintiff would be likely to be absent from work three or more days per month. (Tr. at 364).

Physician's assistant Mr. Kinney is considered to be an "other source" of medical information. 20 C.F.R. § 416.913(d)(1). Only acceptable medical sources may provide medical opinions. See 20 C.F.R. § 414.927(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). Social Security Rule

1   06-03p recognizes that regulations regarding the evaluation of opinion evidence do not address

2   how to evaluate the opinions of "other sources," such as a physician's assistant who has seen the

3   claimant in his or her professional capacity.  See Soc. Sec. Ruling 06-03p.  Although no specific

4   guidelines exist for weighing opinions from "other sources," the ALJ should provide reasons

5   germane to the witness for the weight accorded to the opinions of such "other sources."  See, e.g.

6   Porter v Astrue, 403 Fed. Appx. 226 (9th Cir. 2010) (in rejecting opinion of physician's assistant

7   as conflicting with opinions of physicians, the ALJ properly provided germane reason).[2]

8            The ALJ specifically addressed PAC Kinney's evaluations and assigned "little

9   weight" to his opinions.  (Tr. at 26.)  The ALJ noted that PAC Kinney agreed that plaintiff could

10  perform simple work but noted that he made contradictory assessments within the same

11  document with respect to the issue of whether plaintiff could complete a normal work day or

12  week.  (Tr. at 26, 362.)  This inconsistency, in part, was the basis of the ALJ's rejection of PAC

13  Kinney's opinion.  While properly observing that PAC Kinney's opinions should be evaluated as

14  an "other source" of medical information, the ALJ also appropriately factored into the analysis

15  the inconsistency of the limitations assessed by PAC Kinney and his reports, which recorded in

16  2009 and 2010 that plaintiff was doing well on his medications.  (Tr. at 26, 334, 365, 367, 373.)

17  Given the ambiguity of PAC Kinney's assessments of plaintiff, the ALJ properly relied on the

18  opinions of the examining psychologist Dr. Kemp and the state agency physicians, who opined

19  that plaintiff was capable of performing simple repetitive tasks with only moderate impairment in

20  the ability to maintain regular attendance.  (Tr. at 26, 261-270 (Dr. Kemp's report of consultative

21  psychological examination), 289 (state agency Dr. Tashjian's mental residual functional capacity

22  assessment), 349 (state agency Dr. Solomon's case analysis).)  The reasons given by the ALJ for

23  assigning little weight to PAC Kinney's opinion are germane.  Moreover, here the ALJ

24  appropriately resolved the conflict in these medical opinions.

25

26          [2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth
     Circuit Rule 36-3(b).

1    Similarly, the ALJ properly discounted the opinions of psychologists Boudoures

2  and Wooley, who performed a joint psychological examination of plaintiff in 2003.  (Tr. at 26,

3  210-213 (report of 2003 exam).)  Drs. Boudoures and Wooley opined that plaintiff was capable

4  of performing simple tasks, but that panic attacks would interfere with persistence, pace, and

5  consistency.  These examiners did not opine as to the expected duration of this limitation.  The

6  ALJ assigned little weight to the psychologists' joint opinion, noting that it was an "early"

7  opinion and that the current evidence did not indicate a disabling panic disorder.  In assigning

8  "great weight" to the more current opinions of examining psychologist Dr. Kemp, who made her

9  own independent clinical findings, and the state agency physicians, who had reviewed plaintiff's

10  more current medical records, the ALJ carefully reviewed the evidence and set forth a

11  comprehensive recitation of the record medical findings.  (Tr. at 16-27).  The ALJ's reasons for

12  rejecting the joint opinion rendered by Drs. Boudoures and Wooley in 2003 were specific and

13  legitimate and supported by substantial evidence.

14    For the reasons stated above, plaintiff is not entitled to summary judgment in his

15  favor on his claim that the ALJ erred in the treatment of the medical opinion evidence.

16                                         **CONCLUSION**

17    The ALJ's decision is fully supported by substantial evidence in the record and

18  based on the proper legal standards.

19    Accordingly, IT IS HEREBY ORDERED that:

20    1.  Plaintiff's motion for summary judgment (Doc. No. 14)is denied;

21    2.  Defendant's cross-motion for summary judgment (Doc. No. 15) is granted; and

22    3.  The decision of the Commissioner of Social Security is affirmed.

23  DATED: March 21, 2012.

24

25  JMM
    dial0430.ss.temp

26

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE